UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CYNTHIA ROPER,

        Plaintiff,

v.

PARK HOSPITAL DISTRICT d/b/a ESTES PARK MEDICAL CENTER;
and ELIZABETH GUILD, INC., a Colorado non-profit corporation,

        Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Cindy Roper, by and through her attorneys, HKM Employment Attorneys, LLP, for her Complaint against Park Hospital District d/b/a Estes Park Medical Center ("EPMC") and Elizabeth Guild, Inc. (the "Guild") (collectively, "Defendants"), states and alleges as follows:

### PRELIMINTARY STATEMENT

1.    Plaintiff brings this action for damages as a result of Defendants' discrimination against her on the basis of sex, and as a result of its retaliation against her in violation of Title VII, 42 U.S.C. § 2000e.

### PARTIES

2.    Plaintiff is, and at all times relevant to this Complaint was, a female resident of Colorado and a member of a protected class of individuals recognized under 42 U.S.C. § 2000e-2(a)(1), which prohibits gender discrimination, *inter alia*.

3. Defendant Estes Park Medical Center is, and at all times relevant to this Complaint was, a Colorado corporation with a principal office located at 555 Prospect Avenue, Estes Park, Colorado 80517.  Defendant is an "employer" as defined in Title VII, 42 U.S.C. § 2000e, *et seq.*

4. Defendant Elizabeth Guild, Inc. is, and at all times relevant to this Complaint was, a Colorado nonprofit corporation with a principal office located at 443 W. Elkhorn Avenue, Estes Park, Colorado 80517.  Defendant is an "employer" as defined in Title VII, 42 U.S.C. § 2000e, *et seq.*

5. Upon information and belief, Defendants should be deemed a single employer of Plaintiff by virtue of their centralized control of employment practices; common rules regarding management; and their interrelations of operations and financial control.  Defendants are therefore jointly and severally liable on all claims asserted in this action.

## JURISDICTION AND VENUE

6. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

7. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

9. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

10. Plaintiff filed her Charge of Discrimination Number 32A-2017-00148 with the

Equal Employment Opportunity Commission ("EEOC") for retaliation and gender discrimination on January 9, 2017. Plaintiff was issued a Notice of Right to Sue with respect to Charge Number 32A-2017-00148 on August 8, 2017 pursuant to 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed the present action within ninety (90) days of receipt of same.

11.     Plaintiff has met all administrative prerequisites prior to filing this action.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

13.     Plaintiff was employed by Defendants as a store manager from November 2015 until she was wrongfully discharged on or about October 18, 2016.

14.     At all relevant times during her employment with Defendants, Plaintiff performed her job duties satisfactorily or better.

15.     On or around November 19, 2015, Plaintiff was working the cash register when a Guild volunteer, Dennis Hoppenworth, came up behind Plaintiff, pressing his genitals against her.

16.     Plaintiff reported Mr. Hoppenworth's inappropriate touching to a coworker, to which the coworker responded that Mr. Hoppenworth had done the same thing to her on multiple occasions.

17.     During Defendants' annual Holiday House sale at the Rocky Mountain Inn on or around November 28, 2015, Mr. Hoppenworth advised Plaintiff that she needed to ride with him to pick up some items from the Elizabeth Guild store.

18.     While in route to the store, Mr. Hoppenworth put his hand on Plaintiff's shoulder, commenting, "remember when we were teenagers and how horny we would be."

19. Mr. Hoppenworth then began to rub his genitals while recounting sexual events from his teenage years.

20. Plaintiff was uncomfortable with Mr. Hoppenworth's comments and with him rubbing his genitals in her presence.

21. On or around December 9, 2015, Plaintiff verbally reported Mr. Hoppenworth's inappropriate comments and behavior to Defendants' Human Resources Director, Charles Frye.

22. Frye did not take any corrective action pursuant to Plaintiff's complaint at that time.

23. Plaintiff asked that Frye keep Plaintiff's complaint against Mr. Hoppenworth confidential from Mr. Hoppenworth's wife, Susan Hoppenworth, Board President of the Guild, because she feared she would be retaliated against as a result of her complaint.

24. Shortly after Plaintiff's complaint of harassment, Mr. and Mrs. Hoppenworth left Colorado to spend the winter in Texas.

25. When Mrs. Hoppenworth returned from Texas, she began treating Plaintiff in a more hostile manner and began subjecting her to different performance standards, terms, conditions and privileges of employment.

26. By way of example, Mrs. Hoppenworth began giving Plaintiff negative performance reviews, and Plaintiff received her first write up on July 13, 2016 with another to follow on August 3, 2016.

27. On or around August 11, 2016, Plaintiff again met with Frye and filed a formal written complaint of sexual harassment and retaliation.

28. Frye agreed to investigate Plaintiff's complaint.

29. Plaintiff underwent a surgical procedure on September 28, 2016 and requested a

temporary leave from work for same.

30. On October 12, 2016, Plaintiff was given a note from her physician clearing her to return to work with no restrictions as of October 18, 2016.

31. Plaintiff broke out in hives the evening prior to her scheduled date to return to work, therefore she notified her supervisors and asked them to contact another employee to open the Guild the next day in her absence. *See* Plaintiff's email dated October 17, 2016, attached hereto as **Exhibit A**.

32. On October 18, 2016, Plaintiff was terminated for purportedly failing to communicate with her supervisors regarding her return to work post-surgery and for not completing a task list.

33. Plaintiff attempted to present both the note from her physician clearing her for work and the completed task list to her supervisor, Susan Henshaw, but Henshaw was set on terminating Plaintiff and refused to accept the proffered documents.

34. Defendants intentionally discriminated and retaliated against Plaintiff for simply reporting unwanted sexual advances to her employers, ultimately terminating her for pretextual reasons.

**FIRST CLAIM FOR RELIEF**
**(Discrimination and Harassment Based on Gender in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"))**

35. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

36. Defendants are employers as that term is defined under Title VII.

37. Plaintiff is a female and belongs to a protected class.

38. Since at least November 2015, Defendants discriminated against Plaintiff on the basis of her gender by subjecting her to sexual harassment in the form of repeated unwanted comments of a sexual nature, as well as by subjecting Plaintiff to less favorable terms, conditions and privileges of employment, and ultimately terminating her employment.

39. Defendants intentionally subjected Plaintiff to gender discrimination and retaliation.

40. Defendants knew its actions violated Title VII, and/or Defendant was recklessly indifferent about violating Plaintiff's rights under Title VII.

41. As a direct and proximate result of Defendants' above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
**(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

42. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

43. Defendants subjected Plaintiff to less favorable terms, conditions and privileges of employment – and terminated her employment – because she reported sexual harassment and retaliation to Defendants.

44. Defendants' conduct in subjecting Plaintiff to the above-described adverse employment actions is in violation of § 704 of Title VII, 42 U.S.C. § 2000e-3(a).

45. The effect of Defendants' statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

46. Defendants' statutory violations were intentional.

47. Defendants' statutory violations were done with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

48. As a direct and proximate result of Defendants' above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, and mental anguish;

B. Back pay and benefits;

C. Front pay and benefits;

D. Punitive damages;

E. Attorneys' fees and costs of this action, as permitted by law;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 6th day of November, 2017.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Claire E. Munger*
    Claire E. Munger (39504)
    Shelby Woods (48606)
    HKM Employment Attorneys LLP
    703 17th Street, Suite 900
    Denver, Colorado 80202
    cmunger@hkm.com
    swoods@hkm.com
    *Attorneys for Plaintiff Cynthia Roper*

Plaintiff's Address:
514 St. Vrain Lane
Estes Park, Colorado 80517